UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSE SANTOS BARAJAS-CEJA,

       Defendant.
_____/

Case No. 1:22-cr-13

Hon. Paul L. Maloney
United States District Judge

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL, REQUEST FOR APPOINTMENT OF NEW COUNSEL AND BRIEF IN SUPPORT

Undersigned counsel for defendant Jose Santo Barajas-Ceja, hereby moves for leave to withdraw as counsel. Mr. Barajas-Ceja's pending state case in 63rd District Court in Kent County, Michigan has been assigned to undersigned counsel's spouse, a judge in the 63rd district. As a result, counsel is moving to withdraw as attorney for Mr. Barajas-Ceja. Additionally, in consultation with the Public Defender, counsel cannot request reassignment within the Federal Public Defender's Office, and is requesting instead that a panel attorney be assigned to the case. The Assistant United States Attorney in this matter, Donald Daniels, has been advised of the situation and the relief requested in this motion. Mr. Daniels has indicated that the government does not take a position regarding this motion to withdraw.

## Legal Analysis

While unusual, this circumstance raises an issue regarding counsel's loyalty to a third person, specifically counsel's interest in counsel's spouse avoiding any appearance of impropriety.  Under Rule 1.7 of the Michigan Rules of Professional Conduct:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
>
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) the client consents after consultation.

While it is possible that this circumstance does not automatically disqualify the undersigned attorney from representation in the case, in an abundance of caution and to preserve the client's interests in conflict-free representation, alternative counsel should be appointed to represent Mr. Barajas-Ceja through the conclusion of this case.  The potential for conflict exists, and Mr. Barajas-Ceja has limited familiarity with the legal system and requires the assistance of an interpreter.  The extent to which counsel can adequately explain the potential conflict of interest and the extent to which Mr. Barajas-Ceja can intelligently waive any possible conflict is at best debatable.

Under such a circumstance it would be advisable for alternative counsel to be appointed to avoid the appearance of any impropriety in counsel's representation of Mr. Barajas-Ceja that might permeate Mr. Barajas-Ceja's other case.  While counsel anticipates that counsel's spouse will have Mr. Barajas-Ceja's case reassigned to another judge, such relief is at this point prospective, and may not eliminate the potential for an appearance of

impropriety.  Counsel has consulted with the Federal Defender and has been instructed that reassignment within the office still raises the potential for an appearance of impropriety such that the filing of this motion is the most prudent course of action under the circumstances.

      WHEREFORE, the undersigned respectfully requests this Honorable Court for leave to withdraw as counsel for defendant Jose Santos Barajas-Ceja and asks that the Court appoint new counsel.

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

/s/ James Stevenson Fisher
JAMES STEVENSON FISHER
Senior Litigator
50 Louis NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420

Dated:  January 8, 2025